UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 08-12-DLB

UNITED STATES OF AMERICA,                                                                PLAINTIFF,

V.                          MAGISTRATE JUDGE'S
                            REPORT AND RECOMMENDATION

MARVIN SEAN HOGSTEN,                                                                     DEFENDANT.

This matter came before the Court for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office on April 20, 2010. A hearing was conducted before the undersigned on May 20, 2010, at which the Defendant was present and represented by appointed counsel, David Mussetter, and the United States was represented by Assistant United States Attorney Brandon Marshall. At the hearing, the Defendant was advised of his constitutional rights, including his right to remain silent. After being placed under oath, and following questioning by the Court, the Defendant was found to be fully competent to enter an informed plea. Further the Court found the plea to be knowing and voluntary supported by a sufficient basis in fact and accepted the plea. As part of a verbal plea agreement, the United States agreed to move to dismiss the alleged violation of Standard Condition No. 11. Considering the sufficiency of the plea, and all of the evidence, including that contained in the violation report, the Magistrate Judge makes the following proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

(1) On October 14, 2008, the Defendant was sentenced to a 2 month term of imprisonment, to be followed by a three year term of supervised release on his plea of guilty to

the crime of Transportation of Stolen Motor Vehicles, in violation of 18 U.S.C. § 2313.

(2) The Defendant was found to have a stolen vehicle in his possession and was charged on April 8, 2010, with Receiving Stolen Property $10,000 or More by the Kentucky State Police. Mr. Hogsten advised the United States Probation Officer that he drove the vehicle on occasion, and had switched the license plate from another vehicle owned by his family to the subject vehicle.

(3) By verbal agreement of the parties, as memorialized on the record, the United States and the Defendant entered the following agreement into the record:

(a) The Defendant would admit to a violation of condition No. 2;

(b) The parties would jointly request a term of incarceration of (18) eighteen months on the violation;

(c) The Boyd County Commonwealth Attorney offered assurances in exchange for the plea that no criminal charges would be brought against Hogsten relating to:

(I) a 2006 Jeep Wrangler;

(ii) 2005 Chevy Silverado Pickup;

(iii) a winch; and,

(iv) Adipex pills found on him at the time of arrest.

(v) The Defendant was offered a period of amnesty to and including noon on May 28, 2010, within which to turn in any other stolen items without threat of prosecution.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the Court finds, by a preponderance of the evidence,

that the Defendant has violated the following conditions of supervision:

(1) The Defendant shall not commit another federal, state or local crime.

Under U.S.S.G. §7B1.1(a)(2) the above constitutes a Grade B violation of the conditions of supervision. Based upon Hogsten's criminal history category of I, the guideline range of imprisonment would be 4-10 months pursuant to U.S.S.G. 7B1.4(a). However, the maximum term of imprisonment is two (2) years, pursuant to 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## RECOMMENDATION

(1) That the Defendant be found to have violated the terms of supervised release as set out above;

(2) That the Defendant, having waived his right of allocution before the United States District Judge David Bunning and having exercised that right before the undersigned, be sentenced without delay;

(3) That the Defendant, Marvin Sean Hogsten, be sentenced to a period of EIGHTEEN (18) MONTHS with no supervised release to follow;

(4) That the Motion of the United States to dismiss an alleged violation of Standard Condition No. 11 be GRANTED.

(5) Pursuant to the Sentencing Reform Act of 1984 as modified by the *Booker* and *Fanfan* decisions, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

Specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed.R.Crim.P. 59(b)(2).

Signed May 28, 2010.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge